

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, OKLAHOMA, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CJ-19-1118-Morrissey |
| SODEXO MANAGEMENT, INC., | ) ) | |
| Defendant. | ) | |

## MOTION TO INTERVENE AND JOIN AS PARTY PLAINTIFFS

Jon Marc Pulliam and his wife, Christine Pulliam (collectively "Pulliam"), pursuant to 12 O.S. §§2018, 2019 and 85A O.S. §43, move, in intervention, to join as party Plaintiffs in this action.

In support of this motion, Pulliam submits the following brief memorandum of law and fact.

### I. Facts

1. The Tulsa School District filed this action against Defendant in subrogation of worker's compensation benefits paid for the benefit of Pulliam. The School District's worker's compensation payments have been paid and will be paid as a result of significant and permanent work-place injuries sustained by its employee, Pulliam, in an incident which occurred on December 21, 2017.

2. The School District alleges that Defendant, Sodexo Management, Inc. ("Defendant"), was negligent in its supervision, training, and operation as a manager/supervisor of Pulliam which such negligence caused Pulliam's injuries. See, Petition.

3. Pulliam's claims arise out of the same occurrence as those alleged in the School District's Petition.



4. Christine Pulliam's claims are derivative of the claims of Jon Marc Pulliam and, therefore, both Pulliams are necessary, indispensable parties to the litigation.

## II. Arguments and Authorities

**A. As necessary and indispensable parties, Pulliams must be joined as party Plaintiffs to pursue their claims.**

Pulliams are residents of the State of Oklahoma and subject to service of process in this action. In absence of Pulliams' joinder, relief cannot be accorded among those who are already parties to this litigation. Pulliam claims an interest relating to the subject of this action and is so situated that the disposition of the action in his absence may, as a practical matter, impair or impede their ability to protect their interests <u>and</u> Defendant is subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Pulliam's interest if Pulliams are not joined herein as indispensable parties. Therefore, pursuant to 12 O.S. §2019, Pulliams respectfully request the Court to enter an Order allowing them to be joined as party Plaintiffs to this action.

**B. The worker's compensation statute mandates Pulliams' joinder to assert their claims against Defendant.**

Okla. Stat. tit. 85A, §43 allows for the School District to seek recovery from Defendant, in subrogation, against Defendant for payments paid and which will be paid to Pulliam on Pulliam's worker's compensation claim. That statute, further, provides that Pulliam "has the right to hire a private attorney to pursue any benefits to which he may be entitled to recover against [Defendant] or any other third party responsible for his injuries" in the same action as that filed by the employer. See, §43(B).

2

As stated above, Pulliam, and Christine Pulliam, through her derivative action, allege that Defendant is responsible for their injuries and, therefore, the subject statute permits them to pursue their benefits against Defendant in this case. Pulliams must be allowed to pursue their claims against Defendant in this litigation rather than in a separate matter.

**C.     Pursuant to 12 O.S. §2018, Pulliams seek to join this litigation to assert their claims, in a single action, against Defendant.**

Pulliams' claims against Defendant involve a common question of law and fact now pending before this Court as between the School District and Defendant. Therefore, Pulliams' claims against Defendant must be joined in this litigation as a matter of law and as a matter of judicial economy.

**D.     Pulliams seek an Order permitting their joinder and their filing of their Petition in Intervention.**

Upon entry of this Court's Order allowing Pulliams to intervene as party Plaintiffs to this litigation, Pulliams respectfully request the Court to allow them to file their Petition in Intervention within 15 days of the entry and filing of the Court's Order. Pulliams' theories of recovery against Defendant are nearly identical, if not identical, to the theories advanced against Defendant by the School District. Pulliam may seek to add individual employees of Defendant as either Defendants or Third-Party Defendants. See, Petition, ¶¶11-14, where School District alleges negligence of a Defendant employee but does not name that employee as a Defendant. Pulliams' damages, which they seek against Defendant, are more expansive than those which the School District may statutorily pursue against Defendant and, further, Pulliams contend that the School District's subrogation rights are subject to Oklahoma's "make whole rule."

A proposed Order accompanies this Motion.

WHEREFORE, premises considered, Jon Marc Pulliam and his wife, Christine Pulliam, respectfully request the Court to grant this Motion allowing them to intervene herein as party Plaintiffs and, further, that they be allowed 15 days from the entry and filing of the Court's Order allowing their intervention to file their Petition in Intervention, and for such other and further relief as the Court deems just and proper.

Anthony P. Sutton, OBA #8781
Sutton & Davis, PA
8908 South Yale, Suite 245
Tulsa, OK  74137-3543
918/742-0900
Attorney for Jon Marc and Christine Pulliam

**CERTIFICATE OF MAILING**

I hereby certify that on the 19 day of March, 2019, a true and correct copy of the above and foregoing pleading was mailed, postage prepaid, to:

Eric D. Wade, Esq.
Rosenstein, Fist & Ringold
525 South Main, Suite 700
Tulsa, OK  74103

Anthony P. Sutton

4