# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| INDEVENDENT SCHOOL DISTRICT ) | |
| NO. 1 OF TULSA COUNTY, OKLAHOMA, ) | |
| JON MARC PULLIAM, and ) | |
| CHRISTINE PULLIAM, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-CV-0161-CVE-JFJ |
| ) | |
| SODEXO MANAGEMENT, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Intervenor's Motion to Join Non-Diverse Defendants (Dkt. # 14). Jon Marc Pulliam and Christine Pulliam were granted leave to intervene as plaintiffs and assert claims against defendant Sodexo Management, Inc. (Sodexo). Dkt. # 13. The Pulliams now request leave to file a complaint in intervention adding two employees of Sodexo as parties, but joinder of these parties would destroy diversity jurisdiction. Dkt. # 14. Plaintiff Independent School District No. 1 of Tulsa County, Oklahoma (the School District) and Sodexo object to the Pulliams' request to add non-diverse defendants. Dkt. ## 16, 17.

The School District filed this subrogation action in Tulsa County District Court alleging that it was required to pay worker's compensation benefits to Jon Marc Pulliam and that Sodexo's negligence caused his injuries. Dkt. # 3-1. The School District is a citizen of Oklahoma and Sodexo is a New York corporation with its principal place of business in Maryland, and the School District seeks over $75,000 in damages. The Pulliams filed a motion to intervene and claimed that they were necessary and indispensable parties. Dkt. # 8. Sodexo removed the case to this Court on the basis

of diversity jurisdiction, but the motion to intervene had not been ruled on by the state court before the case was removed.

Jon Marc Pulliam states that he was an employee of the School District and he suffered significant personal injuries for which he received worker's compensation benefits. Dkt. # 8, at 1. The School District has alleged that Sodexo was negligent in failing to properly train or supervise Jon Marc Pulliam and that Sodexo's negligence caused his injuries. Under Oklahoma law, the School District has a right to recover against a tortfeasor who has caused it to pay worker's compensation benefits to an injured worker, but the injured worker may also be entitled to a share of any recovery against the tortfeasor. OKLA. STAT. tit. 85A, § 43. The Court granted the Pulliams' motion to intervene as plaintiffs and directed them to file a complaint in intervention, but the Court did not expressly authorize the Pulliams to join additional parties in their complaint in intervention. Dkt. # 13. The Pulliams have filed a complaint in intervention (Dkt. # 20) asserting claims against Sodexo only.

The Pulliams have filed a motion seeking to add Sue Ann Bell and Ann Marie Hayden as defendants in their complaint in intervention. Dkt. # 14. They claim that the complaint in intervention "seeks to establish liability against Bell and Hayden, as primary negligent individual [d]efendants, which, in turn, supports vicarious liability against Sodexo." Id. at 10. Sodexo and the School District oppose the Pulliams' motion, and they argue that the Pulliams are seeking to add Bell and Hayden as parties for the sole purpose of destroying diversity jurisdiction. Dkt. ## 16, 17.

The Pulliams have filed a complaint in intervention and they are now plaintiffs in this action. Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

2

remand the action to the State court." A plaintiff in a removed action does "not have an absolute right to join such parties." McPhail v. Deere & Co., 529 F.3d 947, 951 (2008). Instead, the district court must determine whether the plaintiff should be permitted to amend his complaint under Fed. R. Civ. P. 15, and the district court should initially determine whether the party to be joined is indispensable under Fed. R. Civ. P. 19. Id. If a party is indispensable, the district court is required to join the party and remand the case, or the case should be dismissed if joinder of the indispensable party is not feasible. Id. However, if the absent party is not indispensable, the district court should consider whether joinder is appropriate under Fed. R. Civ. P. 20. Id. at 952. In exercising this discretion, district courts typically consider "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . ." Id. The district court may permit joinder under Rule 20 and remand the case or deny joinder and retain jurisdiction. Id.

The Court will initially consider whether Bell or Hayden are indispensable parties under Rule 19. Under Rule 19, a district court must determine (1) if the absent party is a "required" party and (2) if the required party is indispensable to the litigation. The Wilderness Society v. Kane County, Utah, 581 F.3d 1198, 1217-18 (10th Cir. 2009). A non-party must be joined as a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

3

Fed. R. Civ. P. 19(a). If a court determines that a non-party is a required party under Rule 19(a), the court must consider whether "in equity and good conscience" the case should proceed without the absent party or be dismissed. Sac & Fox Nation of Missouri v. Norton, 240 F.3d 1250, 1259 (10th Cir. 2001). Rule 19 provides four factors that a court must balance to make this determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by :
>
>> (A) protective provisions in the judgment; or
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). These factors must be applied in a "practical and pragmatic but equitable manner." Symes v. Harris, 472 F.3d 754, 759 (10th Cir. 2006).

The Pulliams argue that Rule 19 is inapplicable to their request to join non-diverse parties. Dkt. # 14, at 7-8; Dkt. # 18, at 3. It appears that the Pulliams are arguing that the Court could permissively join Bell and Hayden as parties under Rule 20, and the Pulliams effectively concede that neither Bell nor Hayden is an indispensable party. In any event, the Court does not find that Bell or Hayden are required parties whose interests would be impaired if they are not joined as parties. Bell and Hayden are employees of Sodexo who were allegedly responsible for supervising or providing a safe work environment for Jon Marc Pulliam, but it not necessary to join them as parties to provide complete relief to the parties already in this case. The Court has reviewed the Pulliams's

4

proposed complaint in intervention adding Bell and Hayden as parties, and it does not appear that they seek any separate recovery from Bell or Hayden that could not be obtained against Sodexo if plaintiffs are successful. In addition, neither Bell nor Hayden has any interest that would be impaired if this case proceeds without joining them as parties.

Even though Bell and Hayden are not indispensable parties, the Court has the authority under Rule 20 to allow permissive joinder. Rule 20 permits the joinder of parties as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b). The Court will consider the factors cited in McPhail in exercising its discretionary authority to allow joinder of Bell and Hayden. McPhail, 529 F.3d at 952. However, the Court may also consider any other factors identified by the parties and the Court's analysis is not limited to the three McPhail factors.

The School District and Sodexo do not argue that the Pulliams unduly delayed in seeking leave to add additional parties or that they will suffer undue prejudice, but they do contend that the Pulliams have sought to add non-diverse parties solely for the purpose of defeating diversity jurisdiction. Sodexo argues that the Pulliams previously filed their own lawsuit against Sodexo, but the Pulliams did not name Bell or Hayden as parties. Dkt. # 16, at 4. The School District cites Torres v. Cintas Corporation, 2008 WL 1817330 (N.D. Okla. Apr. 22, 2008), and argues that individual employees are immune from suit for acts of negligence committed within the scope of their employment. Dkt. # 17. The Pulliams respond that the proposed complaint in intervention adequately alleges that Bell and Hayden are individually liable, and they claim that their prior lawsuit against Sodexo is irrelevant. Dkt. ## 18, 19.

5

The Pulliams cite Bynum v. State Farm Fire & Cas. Co., 2018 WL 3769871 (W.D. Okla. Aug. 9, 2018), for the proposition that the joinder of an employee and employer in the same lawsuit is permitted under Oklahoma law. Dkt. # 14, at 6. Bynum summarizes Oklahoma law concerning employee immunity for tortious acts committed within the scope of employment, but Bynum does not help the Pulliams in their effort to join Bell and Hayden as parties. The issue in Bynum was whether the plaintiff had fraudulently joined a non-diverse defendant, and the district court merely considered whether there was any reasonable possibility that the plaintiff could recover against the non-diverse defendant in state court. Bynum, 2018 WL 3769871 at *4. The standard of review to establish fraudulent joinder places a heavy burden on the defendant, while in this case the Pulliams bear at least some burden to establish that Bell and Hayden are proper parties. The Court also notes that the language cited by the Pulliams concerning the liability of an individual employee does not tend to show that either Bell or Hayden could be held individually liable in this case. The plaintiff in Bynum alleged that the individual defendant acted outside the scope of his employment, and Oklahoma law was clear that an employee could be held individually liable for acts committed outside the scope of employment. Id. at *3. The district court also cited Bane v. Anderson, Bryant & Co., 786 P.2d 1230, 1234 (Okla. 1990), which states that an employee who "steps aside to engage in tortious acts" can be held individually liable. The Pulliams have not alleged that either Bell or Hayden were acting outside the scope of their employment when Jon Marc Pulliam was injured. In addition, the primary basis for proposed liability of Bell and Hayden is that they breached a contractual duty owed by Sodexo to employees of the School District, and there are no allegations that they "stepped aside" from obligations as employees of Sodexo to commit a tortious act. Dkt. # 14-1, at 5. The Pulliams have cited authority stating that there are circumstances that an employee

6

can be held individually liable, but they have not alleged facts suggesting that either Bell or Hayden committed acts that would subject them to individual liability as a matter of Oklahoma law.

Sodexo also notes that the Pulliams previously filed a case against Sodexo, but the Pulliams did not allege claims agianst Bell or Hayden in that case. The Pulliams filed a case against Sodexo in Tulsa County District Court alleging a negligence claim, but neither Bell nor Hayden were even mentioned in the petition. <u>Jon Marc Pulliam et al. v. Sodexo Management, Inc.</u>, 18-CV-577-CVE-JFJ, Dkt. # 2-1 (N.D. Okla.). Sodexo removed the case to this Court and filed a motion to dismiss. The Pulliams voluntarily dismissed their claims without prejudice to refiling before the Court could rule on the motion to dismiss. The Pulliams argue that "Sodexo places undue significance" on the prior case and "that prior filing has nothing to do with the issues presented in this case." Dkt. # 18, at 3. The Pulliams state that they have had additional time since the dismissal of their prior case to further investigate their claims, but they do not identify any specific information gathered that would give rise to claims against Bell or Hayden. <u>Id.</u> The Court finds that it is significant that the Pulliams failed to bring claims against Bell or Hayden in their previous case. The Pulliams were the masters of their own complaint in the prior case and failed to assert claims against Bell or Hayden. They have not identified any new information that they have learned since the filing of the prior case. However, there is one important similarity between the two cases. The Pulliams dismissed their prior case after it was removed to federal court, and they now seek to join non-diverse parties who have only a tenuous basis for liability to the Pulliams. The Court does not find that the Pulliams' attempt to join non-diverse parties is independently an indication of bad faith, but the Court cannot overlook the Pulliams' failure to join Bell and Hayden in the prior case and the dismissal of the prior lawsuit after it was removed to federal court.

The Court has considered all of the factors cited by Sodexo and the School District, and finds that the Pulliams' motion to join non-diverse parties (Dkt. # 14) should be denied. The proposed complaint in intervention contains few allegations concerning the conduct of Bell or Hayden, and there are certainly no allegations that they were acting outside the scope of their employment when Jon Marc Pulliam was injured. The Pulliams have not shown that they are likely to have viable claims against Bell or Hayden as a matter of Oklahoma law. It is reasonable to assume that the Pulliams would have asserted claims against Bell and Hayden in their prior case if they felt they had a reasonable basis to bring such claims. The Court finds that the Pulliams' failure to allege claims against Bell and Hayden in their prior case is significant. The Court also notes that the Pulliams have filed a complaint in intervention (Dkt. # 20) alleging claims against Sodexo that is almost indistinguishable from the proposed complaint in intervention that would join Bell and Hayden as parties. Considering all of these factors, the most reasonable inference is that the Pulliams are seeking to join non-diverse parties solely for the purpose of defeating diversity jurisdiction, and the Court declines to allow the Pulliams to file an amended complaint in intervention joining Bell and Hayden as parties.

**IT IS THEREFORE ORDERED** that Intervenor's Motion to Join Non-Diverse Defendants (Dkt. # 14) is **denied**.

**DATED** this 1st day of May, 2019.

*(signature)*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE