**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, OKLAHOMA, ) ) ) | |
| Plaintiff, ) ) | |
| and ) ) | |
| JON MARC PULLIAM and CHRISTINE PULLIAM, ) ) ) | |
| Plaintiffs in Intervention, ) ) | |
| v. ) ) | Case No. 19-cv-161-CVE-JFJ |
| SODEXO MANAGEMENT, INC., ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## ANSWER

Defendant Sodexo Management, Inc. ("Sodexo"), for its Answer to the Complaint in Intervention filed by Jon Marc Pulliam and Christine Pulliam ("Intervenors"), states that all allegations in the Complaint in Intervention are denied unless admitted herein, and more specifically states as follows:

### I.   Jurisdiction and Venue

1. Sodexo lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint in Intervention, and therefore denies same.

2. Sodexo admits it is a corporation organized under the laws of the State of New York, and is authorized to conduct business in the State of Oklahoma. Sodexo denies any remaining allegations in Paragraph 2 of the Complaint in Intervention.

3. Sodexo lacks sufficient information to admit or deny the allegations in Paragraph 3 of the Complaint in Intervention, and therefore denies same.

## II. Pulliams' Negligence Claim Against Defendants

4. The allegations in Paragraph 4 of the Complaint in Intervention are an incorporation of prior allegations to which no response is required. To the extent a response is required, the allegations are denied.

5. Sodexo denies the allegations in Paragraph 5 of the Complaint in Intervention.

6. Sodexo admits that Sodexo and Independent School District No. 1 of Tulsa County, Oklahoma (the "District"), are parties to a Management Agreement, the terms of which speak for themselves. Sodexo denies any allegations in Paragraph 6 of the Complaint in Intervention that are inconsistent with the terms of the Management Agreement.

7. In response to the allegations in Paragraph 7 of the Complaint in Intervention, including all sub-parts thereto, Sodexo states that the terms of the Management Agreement speak for themselves, and denies any allegations that are inconsistent with the terms of the Management Agreement. Sodexo specifically denies that it "manages" the facility where Jon Marc Pulliam was injured.

8. In response to the allegations in Paragraphs 8-9 of the Complaint in Intervention, Sodexo states that the terms of the Management Agreement speak for themselves, and denies any allegations that are inconsistent with the terms of the Management Agreement.

9. In response to the allegations in Paragraph 10 of the Complaint in Intervention, Sodexo states that the terms of the Management Agreement speak for themselves, and denies any allegations that are inconsistent with the terms of the Management Agreement. Sodexo further states that Pulliam was an employee of the District.

10. In response to the allegations in Paragraphs 11-13 of the Complaint in Intervention, Sodexo states that the terms of the Management Agreement speak for themselves, and

        denies any allegations that are inconsistent with the terms of the Management Agreement.

11. Sodexo denies the allegations in Paragraphs 14-19 of the Complaint in Intervention.

12. The allegations in Paragraph 20 of the Complaint in Intervention are an incorporation of the District's theories of recovery against Sodexo set out in the District's Complaint. Sodexo adopts and incorporates its Answer and defenses to the District's Complaint, and denies the allegations of Intervenors and the District.

13. Sodexo denies the allegations in Paragraph 21 of the Complaint in Intervention, including all sub-parts thereto.

14. Sodexo denies the allegations in Paragraph 22 of the Complaint in Intervention to the extent they are inconsistent with the cited regulations. Sodexo specifically denies it was responsible for Mr. Pulliam's acts or omissions, or for regulatory compliance in connection with Mr. Pulliam's work for the District.

15. Sodexo denies the allegations in Paragraphs 23-31 of the Complaint in Intervention.

16. Sodexo denies the allegations in the unnumbered paragraph beginning "WHEREFORE," and denies Intervenors are entitled to any of the relief requested therein.

## ADDITIONAL DEFENSES

        Without assuming any burden or obligation other than that imposed by operation of law, Sodexo asserts the following Affirmative and/or Additional Defenses to the claims set forth in the Complaint in Intervention and reserves the right to seek leave to amend or supplement these Defenses as discovery and further investigation warrant:

17. Intervenors have failed to state a claim upon which relief may be granted.

18. Intervenors' claims may be barred by the statute of limitations and/or laches.

19. Intervenors have failed to mitigate their damages, if any.

20. Any damages of Plaintiff and/or Intervenors were not caused by Sodexo.

21. Intervenors' claims are barred by waiver and/or estoppel.

22. Mr. Pulliam's alleged injuries may be the result of pre-existing conditions and/or subsequent incidents.

23. The incident underlying Intervenors' claims was not caused by any negligence or conduct on the part of Sodexo.

24. Sodexo owed no duty to Mr. Pulliam.

25. Should Sodexo be found liable, Sodexo states that any such negligence or intentional conduct was not the proximate or direct cause of the alleged injuries claimed by Plaintiff and/or Mr. Pulliam.

26. Any alleged damages by Intervenors were the result of the negligence and/or intentional acts of third parties.

27. Intervenors' claimed damages are not of the nature and extent alleged.

28. Intervenors' claims may be barred by Mr. Pulliam's assumption of the risk.

29. Sodexo is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Intervenors with any other party or third person for any of Intervenors' alleged damages.

30. Intervenors' claims are barred by comparative and/or contributory negligence of Mr. Pulliam.

31. Intervenors' claims are barred by negligence of the District.

32. Intervenors' claims are barred by applicable provisions of any contract or agreement between Sodexo and Plaintiff.

33. Intervenors/ claims are barred by all applicable limitations on damages, including but not limited to OKLA. STAT. tit. 12, § 3009.1 and OKLA. STAT. tit. 23, § 61.1.

34. Sodexo asserts all defenses available to it pursuant to Oklahoma's tort reform measures.

35. Intervenors' claims may be barred by applicable provisions of the Administrative Workers' Compensation Act, OKLA. STAT. tit. 85A, § 1, et seq.

36. Intervenors' claims may be barred by the exclusivity provisions of OKLA. STAT. tit. 85A, § 5.

37. Sodexo reserves the right to amend its Answer upon substantial completion of discovery.

WHEREFORE, Defendant Sodexo Management, Inc., respectfully requests that Intervenors take nothing by way of their Complaint in Intervention, and that Sodexo recover its costs including but not limited to, reasonable attorneys fees, and any further relief this Court deems just and proper.

Respectfully submitted,

s/ William S. Leach
William S. Leach, OBA #14892
Jessica L. Dickerson, OBA #21500
McAfee & Taft A Professional Corporation
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, Oklahoma 74103
Telephone:      (918) 587-0000
Facsimile:       (918) 599-9317
E-mail:   bill.leach@mcafeetaft.com
              Jessica.dickerson@mcafeetaft.com

**Counsel for Defendant Sodexo Management, Inc.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of May, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Eric D. Wade
Rosenstein, Fist & Ringold
525 S. Main, Suite 700
Tulsa, Oklahoma 74103
Attorney for Plaintiff Independent School
District No. 1 of Tulsa County, OK

Anthony P. Sutton
Sutton & Davis, PA
8908 S. Yale, Suite 245
Tulsa, Oklahoma 74137
Attorney for Plaintiffs Jon Marc Pulliam
And Christine Pulliam

                                                            s/ William S. Leach