IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, OKLAHOMA, <br><br>　　　　Plaintiff, <br><br>and <br><br>(2) JON MARC PULLIAM, and <br>(3) CHRISTINE PULLIAM, <br><br>　　　　Intervenor Plaintiffs, <br><br>vs. <br><br>(1) SODEXO MANAGEMENT, INC., <br><br>　　　　Defendant. | Case No. 19-CV-161-CVE-JFJ |

## AMENDED COMPLAINT

The plaintiff, Independent School District No. 1 of Tulsa County, Oklahoma, commonly known as Tulsa Public Schools ("Tulsa School District" or "District"), hereby asserts its causes of action against the defendant, Sodexo Management, Inc. ("Sodexo"), as follows:

1. The Tulsa School District is a political subdivision of the State of Oklahoma.

2. Sodexo is a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of Maryland.

3. Sodexo is registered as a foreign corporation with the Oklahoma Secretary of State and regularly conducts business in Oklahoma.

4. The court has jurisdiction over the parties and subject matter, and venue is proper in the United States District Court for the Northern District of Oklahoma.

5. On December 21, 2017, and at all other relevant times, the District and Sodexo were parties to a Management Agreement dated June 23, 2014, which was effective July 1, 2014, and renewed for additional one-year terms on July 1, 2015, July 1, 2016 and July 1, 2017 (the "Agreement").

6. Under the Agreement, Sodexo agreed to provide facilities management services to the District, including, but not limited to, administrative and technical direction for management of the building maintenance function throughout the District. The Agreement provides, *inter alia*, that Sodexo shall:

    A. Exclusively supervise, manage and direct all of the District's non-management employees assigned to work in the delivery of services provided by or under the supervision of Sodexo ("Supervised Employees"), in accordance with Sodexo's operating policies and procedures;

    B. Exclusively supervise, manage and direct all of the District's management employees assigned to supervise the District's Supervised Employees under direction from Sodexo ("District Management Employees"), in accordance with Sodexo's operating policies and procedures;

    C. Provide and maintain training equipment, films, slides, literature, daily work and project schedules, software, standard operational procedures and training manuals to be used in training the Supervised Employees and the District Management Employees;

    D. Ensure that standard operating procedures are properly updated and made available to those responsible for each work activity;

    E. Provide all employees with access to all Safety Data Sheets for all products used in the delivery of services provided by or under the supervision of Sodexo;

    F. Provide routine safety training and specific training opportunities for each individual position and for skilled maintenance employees;

    G. Provide frontline employees with training, including mandatory fire safety training and chemical hazards communication;

   H. Perform routine safety and material inspections, emphasize safety programs, and maintain good safety practices; and

   J. Provide and enforce procedures to mitigate injuries to workers, and establish a plan to track and mitigate workers' compensation costs.

 7. On December 21, 2017, a District Supervised Employee, Jon Marc Pulliam ("Pulliam"), was cutting a piece of laminated glass under the supervision, direction and control of Sodexo at the District's maintenance facility located at 1555 North 77th East Avenue in Tulsa, Oklahoma.

 8. Laminated glass is a type of safety glass that consists of two pieces of annealed glass bonded together with a plastic interlayer.

 9. The method for cutting laminated glass involves scoring each side of the glass, then heating the inner plastic to make it pliable, and then cutting the plastic.

 10. On December 21, 2017, Pulliam could not find a propane torch to heat the plastic interlayer after scoring the glass. Instead, Pulliam applied denatured alcohol, which is a flammable liquid, to the scored glass and used an ignitor to create an open flame to heat the plastic interlayer.

 11. Sodexo's Safety Manager, AnnMarie Hayden ("Hayden"), saw the open flame.

 12. At all relevant times, Hayden was acting in the course and scope of her employment with Sodexo, and Sodexo is, therefore, liable for her actions under the doctrine of *respondeat superior*.

 13. Before Pulliam cut the heated plastic interlayer, Hayden approached Pulliam with an iPad in her hands, and she asked Pulliam to "do it again" so she could take a photograph of the open flame.

14. In response to her directive, Pulliam proceeded to reapply denatured alcohol to the scored glass.

15. Unbeknownst to Pulliam, there was a clear flame still burning on the glass.

16. When Pulliam reapplied denatured alcohol, it was ignited by the clear burning flame and resulted in a flash fire, causing severe second and third degree burns to Pulliam.

17. Guidance issued by the Occupational Health and Safety Administration ("OSHA") of the United States Department of Labor and adopted by the Oklahoma Public Employees Occupational Safety and Health Division ("PEOSH") of the Oklahoma Department of Labor, discourages the use of flammable liquids, such as denatured alcohol, to heat and cut laminated glass because of the potential for serious and potentially fatal injuries. Instead, OSHA recommends using a method for cutting laminated glass that does not involve flammable liquids, such as special purpose laminated glass cutting tools and tables, standard carbide cutting wheel techniques, vertically-inclined saw frames, abrasive high pressure waterjets or hot air blowers for heating the plastic interlayer.

18. Pulliam filed a workers' compensation claim for which the Tulsa School District is responsible for paying compensation pursuant to Title 85A of the Oklahoma Statutes.

19. The District is a self-insured or "own risk" employer for workers' compensation claims up to $1,000,000 per accident, with an excess insurance policy for amounts over the self-insured retention.

20. As of August 31, 2019, the District has paid $612,121.35 in compensation on Pulliam's workers' compensation claim, which amount is expected to increase in the future.

## CAUSES OF ACTION – NEGLIGENCE

21. The Tulsa School District realleges and incorporates by reference the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. Pursuant to OKLA. STAT. tit. 85A, § 43, an employer or carrier liable for compensation under Oklahoma's Administrative Workers' Compensation Act for the injury or death of an employee shall have the right to maintain an action in tort against any third party responsible for the injury or death.

23. Sodexo is a third party responsible for Pulliam's injuries based on negligence.

24. The Tulsa School District hereby asserts, pursuant to its right to subrogation in OKLA. STAT. tit. 85A, § 43, the following causes of action for negligence against Sodexo:

### I. Negligent Supervision

25. The Tulsa School District realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26. Sodexo had a legal duty to exercise ordinary care in supervising, managing and directing the work activities of Pulliam.

27. Sodexo breached its duty by failing to properly supervise, manage and direct Pulliam's work activities on December 21, 2017, and directing Pulliam to repeat a dangerous work activity.

28. Sodexo's breach of its duties was the actual and proximate cause of Pulliam's injuries on December 21, 2017.

29. Pursuant to OKLA. STAT. tit. 85A, § 43, the District seeks to recover from Sodexo all amounts the District has paid and will pay in the future on Pulliam's workers' compensation claim.

### II. Negligent Instructions and Training

30. The Tulsa School District realleges and incorporates by reference the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

5

31. Sodexo had a legal duty to exercise ordinary care in providing standard operating procedures, instructions and training for its own employees and the District's employees, including Pulliam, regarding safe work practices to be used in cutting laminated glass.

32. Sodexo breached its duty by failing to provide for standard operating procedures, instructions and training that specifically prohibited the use of a flammable liquid and an open flame to cut laminated glass.

33. Sodexo's breach of its duties was the actual and proximate cause of Pulliam's injuries on December 21, 2017.

34. Pursuant to OKLA. STAT. tit. 85A, § 43, the District seeks to recover from Sodexo all amounts the District has paid and will pay in the future on Pulliam's workers' compensation claim.

### III. Negligent Operating Policies and Procedures and Workplace Inspections

35. The Tulsa School District realleges and incorporates by reference the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36. Sodexo had a legal duty to exercise ordinary care in implementing safe operating policies and procedures and performing routine safety and material inspections to prevent or mitigate work related injuries.

37. By way of example but not limitation, Sodexo breached its duty by (A) failing to provide ready access to the equipment and tools needed to cut laminated glass without use of a flammable liquid and an open flame, in conformity with recognized safety standards; and (B) failing to ensure that flammable liquids, like denatured alcohol, were stored in and dispensed from approved containers designed to safely dispense flammable liquids; and (C) failing to provide appropriate flame-resistant personal protective equipment for Supervised Employees working with or around open flames.

38. Sodexo's breach of its duties was the actual and proximate cause of Pulliam's injuries on December 21, 2017.

39. Pursuant to OKLA. STAT. tit. 85A, § 43, the District seeks to recover from Sodexo all amounts the District has paid and will pay in the future on Pulliam's workers' compensation claim.

## CAUSE OF ACTION – BREACH OF CONTRACT

40. The Tulsa School District realleges and incorporates by reference the allegations contained in Paragraphs 1 through 39 as if fully set forth herein.

41. Sodexo completely failed to perform, and has disavowed any obligation to have performed, certain contractual duties required of Sodexo under the Agreement, including but not limited to, the duties identified in Paragraph 6 of this Amended Complaint, with respect to Pulliam's position as glazier.

42. Sodexo's failure to perform said duties is a material breach of its contractual obligations to the District arising under or imposed by the Agreement.

43. Sodexo's breach of contract has caused significant detriment and economic loss to the District, including but not limited to, all expenses the District has paid and will pay in the future on Pulliam's workers' compensation claim; plus all sums the District has paid for the performance of duties under the Agreement that Sodexo has failed to perform for the entire term of the Agreement; and other incidental and consequential damages to be proven at trial.

44. The District is entitled to an award of damages in its favor and against Sodexo for breach of contract in an amount sufficient to recover all losses and damages caused by Sodexo's breach.

45. The District demands trial by jury on all causes of action and claims asserted herein.

**WHEREFORE,** the Tulsa School District demands judgment be entered in its favor and against Sodexo in the total amount of all losses and damages claimed herein, as well as interest accrued and accruing, and the costs of this action, including reasonable attorneys fees, and all other relief that the court deems just and proper.

Respectfully submitted,

*s/* Eric D. Wade
**Eric D. Wade, OBA No. 19249**
**ROSENSTEIN, FIST & RINGOLD**
**525 South Main, Suite 700**
**Tulsa, Oklahoma  74103**
**(918) 585-9211 - Telephone**
**(918) 583-5617 –Facsimile**
**ericw@rfrlaw.com**

**ATTORNEYS FOR PLAINTIFF**
**INDEPENDENT SCHOOL DISTRICT NO. 1**
**OF TULSA COUNTY, OKLAHOMA**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2019, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

William S. Leach
Jessica L. Dickerson
McAfee & Taft, P.C.
Williams Center Tower II
Two West Second Street, Suite 1100
Tulsa, OK 74103
bill.leach@mcafeetaft.com
jessica.dickerson@mcafeetaft.com

*Attorneys for Defendant*

Anthony P. Sutton
8908 South Yale, Suite 245
Tulsa, OK 74137-3543
Tony@anthonypsutton.com

*Attorney for Intervening Plaintiffs*
*Jon Marc Pulliam and Christine Pulliam*

                                          *s*/ Eric D. Wade
                                          Eric D. Wade